# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** § | |
| § | |
| § | **CASE NO. 6:13-CR-114-JDK** |
| **vs.** § | |
| § | |
| § | |
| **DEWAYNE SCOTT BROYLES (9)** § | |
| § | |

## REPORT AND RECOMMENDATION
## ON REVOCATION OF SUPERVISED RELEASE

On April 21, 2021, the Court held a final revocation hearing on a Petition for Warrant or Summons for Offender under Supervision. The Government was represented by Assistant United States Attorney Jim Noble. Defendant was represented by Matt Millslagle.

*Background*

After pleading guilty to the offense of Conspiracy to Possess with Intent to Distribute and Distribution of 500 Grams or More of a Mixture or Substance Containing a Detectable Amount of Methamphetamine, a Schedule I Controlled Substance, a Class B felony, Defendant Dewayne Scott Broyles was sentenced on November 17, 2015 by United States District Judge Michael H. Schneider. The offense carried a statutory maximum imprisonment term of 40 years. The guideline imprisonment range, based on a total offense level of 21 and a criminal history category of VI, was 77 to 96 months. Defendant was sentenced to 90 months of imprisonment to be followed by a 4-year term of supervised release. Defendant's supervision is subject to the standard conditions of release, plus special conditions to include financial disclosure, drug testing and treatment, mental health treatment, and GED certification.

Defendant completed his term of imprisonment and started his term of supervised release on October 11, 2019.  The case was re-assigned to United States District Judge Jeremy D. Kernodle on December 2, 2020.

*Allegations*

In the Petition seeking to revoke Defendant's supervised release, filed on February 24, 2021, United States Probation Officer Glenn Filla alleges that Defendant violated the following condition of supervised release:

1. **Allegation 1 (standard condition 7): The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician.**  It is alleged that Defendant admitted to methamphetamine use on or about January 23, January 24, and January 28, 2021, and submitted drug tests that tested positive for methamphetamine on February 1 and February 11, 2021.

*Applicable Law*

According to 18 U.S.C. § 3583(e)(3), the Court may revoke the term of supervised release and require a Defendant to serve in prison all or part of the term of supervised release without credit for the time previously served under supervision, if it finds by a preponderance of the evidence that Defendant violated a term of supervised release.  Supervised release shall be revoked upon a finding of a Grade A or B supervised release violation.  U.S.S.G. § 7B1.3(a)(1). In the present case, Defendant's original offense of conviction was a Class B felony.  Accordingly, the maximum imprisonment sentence that may be imposed is 3 years of imprisonment.  18 U.S.C. § 3583(e).

Under the Sentencing Guidelines, which are non-binding,[1] if the Court finds by a preponderance of the evidence that Defendant violated his conditions of supervised release by possessing methamphetamine as alleged in the petition, he is guilty of a Grade B violation. U.S.S.G. § 7B1.1(a). Defendant's original criminal history category was VI. The guidelines provide that Defendant's guideline range for a Grade B violation is 21 to 27 months of imprisonment. If the Court finds by a preponderance of the evidence that Defendant violated his conditions of supervised release by using methamphetamine as alleged in the petition, he is guilty of a Grade C violation. U.S.S.G. § 7B1.1(a). With Defendant's original criminal history category of VI, the guidelines provide that Defendant's guideline range for a Grade C violation is 8 to 14 months of imprisonment.

*Hearing*

On April 21, 2021, Defendant appeared for a final revocation hearing. Assistant United States Attorney Jim Noble announced that Defendant and the Government reached an agreement for Defendant to enter a plea of true to Allegation 1 of the petition, to the extent that it alleges the use of a controlled substance, and to jointly request a sentence of 14 months of imprisonment followed by 1 year of supervised release, with a special condition that 6 months be served in a halfway house. After the Court explained to Defendant his right to a revocation hearing, he waived his right to a revocation hearing and entered a plea of "true" to Allegation 1 of the petition, to the extent that it alleges the use of a controlled substance. Defendant requested a recommendation for designation at FCI Texarkana.

---

[1] The United States Sentencing Guidelines as applied to revocations of supervised release "have always been non-binding, advisory guides to district courts in supervised release revocation proceedings." *United States v. Brown*, 122 Fed.Appx. 648, 2005 WL 518704, slip op. p.1 (citing *United States v. Davis*, 53 F.3d 638, 642 (5th Cir. 1995)); see also *United States v. Mathena*, 23 F.3d 87 (5th Cir. 1994) (policy statements contained in Chapter 7 of the Sentencing Guidelines applicable to sentencing a defendant upon revocation of supervised release are advisory only.).

*Findings and Conclusions*

I find that Defendant is competent and that his plea and waiver of the revocation hearing was knowingly and voluntarily made.  I accept Defendant's plea and find by a preponderance of the evidence that the allegation of use of a controlled substance in Allegation 1 of the petition is true.  Defendant is guilty of a Grade C supervised release violation.  I further find and conclude that Defendant's term of supervised release should be revoked and that he should be sentenced to 14 months of imprisonment followed by 1 year of supervised release, with a special condition for 6 months to be served in a halfway house.  Any criminal history monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances.

## RECOMMENDATION

In light of the foregoing, it is recommended that Defendant's plea of true to the use of a controlled substance in Allegation 1 of the petition be **ACCEPTED** and that Defendant's term of supervised release be **REVOKED**.  It is further recommended that Defendant be sentenced to 14 months of imprisonment followed by 1 year of supervised release, with a special condition for 6 months to be served in a halfway house.  Any criminal monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances.

Before the conclusion of the hearing, the undersigned announced the foregoing recommendation and notified Defendant of his right to object to this Report and Recommendation and to be present and allocute before being sentenced by the Court.  Defendant waived those rights and executed a written waiver in open court.  The Government also waived its right to object to the Report and Recommendation.  It is therefore recommended that the Court revoke Defendant's supervised release and enter a Judgment and Commitment for him to be sentenced to 14 months

of imprisonment followed by 1 year of supervised release, with a special condition for 6 months to be served in a halfway house.

So ORDERED and SIGNED this 21st day of April, 2021.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE